# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

———————————

No. 201600379

———————————

## UNITED STATES OF AMERICA
Appellee

v.

## RANDY M. SO
Private First Class (E-2), U.S. Marine Corps
Appellant

———————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Colonel James K. Carberry, USMC.
Convening Authority: Commanding Officer, Headquarters and Support Battalion, Marine Corps Installations-West, Marine Corps Base, Camp Pendleton, California
Staff Judge Advocate's Recommendation: Lieutenant Colonel Todd Enge, USMC.
For Appellant: Captain Kimberly D. Hinson, JAGC, USN.
For Appellee: Major Kelli A. O'Neil, USMC; Captain Sean M. Monks, USMC.

———————————

Decided 28 December 2017

———————————

Before HUTCHISON, FULTON, and SAYEGH, *Appellate Military Judges*

———————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

———————————

HUTCHISON, Senior Judge:

A military judge sitting as a special court-martial convicted the appellant, pursuant to his plea, of unauthorized absence in violation of Article 86, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 886. The military judge sentenced the appellant to 60 days' confinement, reduction to pay grade

E-1, forfeiture of $900.00 pay per month for two months, and a bad-conduct discharge. The convening authority (CA) approved the sentence as adjudged.

This case is before us a second time. In *United States v. So*, No. 201600379, 2017 CCA LEXIS 148, unpublished op. (N-M. Ct. Crim. App. 17 Mar 2017), we set aside the CA's action and remanded for new post-trial processing after we determined that the staff judge advocate's recommendation (SJAR) erroneously advised the CA regarding his authority to grant clemency. The appellant now alleges that following our remand: 1) the government failed to serve him with a copy of the new SJAR in violation of RULE FOR COURTS-MARTIAL (R.C.M.) 1106(f)(1), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2016 ed.); and 2) that his trial defense counsel's (TDC) failure to contact him regarding the new SJAR and the opportunity to submit clemency constituted ineffective assistance of counsel. We agree with the appellant's first assignment of error, and once again set aside the CA's action.[1]

## I. BACKGROUND

Following our remand, the CA's staff judge advocate (SJA) prepared a new SJAR dated 25 May 2017, in which he correctly advised the CA regarding his unfettered authority to grant clemency. On 31 May 2017, the TDC acknowledged receipt of the SJAR and indicated he had no additional matters to submit beyond those submitted on 26 September 2016, prior to the original CA's action. There is no indication in the record that the SJAR was ever personally served on the appellant as he requested.[2]

In a post-trial declaration, the appellant asserts that he never received a copy of the new SJAR and that after he went on appellate leave he exchanged "brief text messages and maybe a phone call" with his TDC, but they did not discuss anything about his case.[3] In his affidavit, the TDC confirms that, "to the best of [his] recollection, [he] left a voicemail for [the appellant]" but did not receive an answer and "did not attempt further contact."[4] After consulting with his supervisory counsel, the TDC decided that the matters previously

---

[1] Our resolution of the first assignment of error renders the appellant's ineffective assistance of counsel claim moot.

[2] *See* Record at 26; Appellate Exhibit III at 3.

[3] Motion to Attach Declaration of Appellant filed on 2 Aug 2017, Appellant's Declaration of 31 Jul 2017 at 2.

[4] Appellee's Response to Court Order filed on 21 Nov 2017, Affidavit of Captain MAM of 20 Nov 2017.

submitted "mirrored any additional clemency matters that [he] might submit."[5]

## II. DISCUSSION

The Court of Appeals for the Armed Forces (CAAF) has established a test to resolve claims of error connected with the CA's post-trial review. "First, an appellant must allege the error at the Court of Criminal Appeals. Second, an appellant must allege prejudice as a result of the error. Third, an appellant must show what he would do to resolve the error if given such an opportunity." *United States v. Wheelus,* 49 M.J. 283, 288 (C.A.A.F. 1998).

We first examine the appellant's alleged error. R.C.M. 1106(f) provides:

> Before forwarding the [SJAR] . . . to the [CA] for action under R.C.M. 1107, the [SJA] shall cause a copy of the [SJAR] to be served on the counsel for the accused. *A separate copy will be served on the accused.* If it is impracticable to serve the [SJAR] on the accused for reasons including the transfer of the accused to a different place, the unauthorized absence of the accused, or military exigency, or if the accused so requests on the record at the court-martial or in writing, the accused's copy shall be forwarded to the accused's defense counsel. A statement shall be attached to the record explaining why the accused was not served personally.

(Emphasis added). The record contains no statement explaining why the appellant was not served personally, and we find that it was not impracticable to do so. The appellant's phone number, e-mail address, and physical address are recorded in the record of trial and have remained the same throughout the post-trial process.[6] Hence, we are convinced that the government's failure to personally serve the appellant was error.

Regarding prejudice, "[b]ecause clemency is a highly discretionary [e]xecutive function, there is material prejudice to the substantial rights of an appellant if there is an error and the appellant 'makes some colorable showing of possible prejudice.'" *Wheelus,* 49 M.J. at 289 (quoting *United States v. Chatman*, 46 M.J. 321, 323-24 (C.A.A.F. 1997)). Here the appellant contends that because he was never served with the SJAR—and because his TDC did not contact him—he had no opportunity to submit matters for the CA's consideration. Had he responded to the SJAR, the appellant states that he would have provided additional matters, beyond what he submitted before

---

[5] *Id.*

[6] *See* Appellant's Declaration at 2.

the initial CA's action. Specifically, the appellant would have submitted material explaining that he was currently enrolled in college classes working towards an accounting degree and that he was working part-time preparing tax returns. In addition, the appellant would have described the worsening medical condition of his father and his role as full-time caretaker for his parents. In short, the appellant avers that he would have "explained to the CA what [he was] doing to contribute as a member of society."[7]

Given this CA's broad discretion with regards to action on the findings and sentence, we cannot speculate what, if any, clemency he might have provided. But the failure to serve the appellant a copy of the SJAR foreclosed his ability to even submit matters for the CA's consideration. We, therefore conclude that the appellant has made a colorable showing of possible prejudice.

## III. CONCLUSION

The CA's action is set aside. The record of trial is returned to the Judge Advocate General for remand to an appropriate CA for new post-trial processing with the appellant represented by conflict-free counsel. The record shall then be returned to this court for review under Article 66(c), UCMJ.

Judge FULTON and Judge SAYEGH concur.

For the Court

R.H. TROIDL
Clerk of Court

---

[7] *Id.* at 3.